ZACHARY COUVILLION                                    CIVIL ACTION NO.

VERSUS                                                        19-466-BAJ-EWD

DARREN BENNETT, ET AL.


## NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Zachary Couvillion ("Plaintiff") based upon the injuries he allegedly sustained on November 29, 2018 in a motor vehicle accident that occurred on U.S. Highway 190 when the vehicle in which Couvillion was a passenger was rear-ended by the vehicle driven by Defendant Darrin Bennett ("Bennett") and owned by Bennett's employer, Antonio Car & Truck Modification LLC ("Antonio") (the "Accident").[1]  On January 28, 2019, Plaintiff filed his Petition for Damages ("Petition") in the Eighteenth Judicial District Court for the Parish of Pointe Coupee against Bennett, Antonio, and Progressive County Mutual Insurance Company ("Progressive"),[2] the insurer of the Bennett vehicle.  In the Petition, Plaintiff alleges that he suffered personal injuries due to Bennett's negligence in causing the Accident, which necessitated medical treatment.[3]  Plaintiff also alleges that Antonio is vicariously liable for Bennett's misconduct because Bennett  was in the course and scope of his employment at the time of the Accident and that all Defendants are jointly liable to Plaintiff.[4]

---

[1] R. Doc. 1-2, ¶¶ 3-5, 9.
[2] R. Doc. 1-2, ¶¶ 1, 10.
[3] R. Doc. 1-2, ¶¶ 5-6, 8
[4] R. Doc. 1-2, ¶¶ 2, 9-10.

On July 17, 2019, Progressive removed the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

1.

Plaintiff, Zachary Couvillion, a resident and domicile (sic) of St. Landry Parish, Louisiana and citizen of the State of Louisiana.

2.

Defendant, Progressive County Mutual Insurance Company, is a foreign insurance company incorporated and having its principal place of business in the State of Ohio.

3.

Defendant, Darrin Bennett, is an individual of the full age of majority and a citizen of the State of Texas.

4.

Defendant, Antonio Car & Truck Modification, LLC, is a Texas corporation with its principal place of business in the State of Texas.[6]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has been adequately alleged as to Plaintiff, Progressive and Bennett[7] and the amount in controversy appears to be met.[8] However, citizenship has not been adequately alleged with respect to Antonio.

---

[5] R. Doc. 1, ¶ 7.
[6] R. Doc. 1, ¶¶ 1-4.
[7] R. Doc. 1, ¶ 1 (alleging Plaintiff is a citizen of Louisiana), ¶ 2 (alleging Progressive is a foreign insurance company incorporated and having its principal place of business in Ohio), and ¶ 3 (alleging Bennett is a citizen of Texas).
[8] *See* R. Doc. 1-1, p. 1 (Plaintiff's answer to request for admission admitting that his damages exceed $75,000) *and see* R. Doc. pp. 5-33 (Plaintiff's medical records, including treatment for neck and low back pain, herniated discs, injections, and a surgery recommendation if Plaintiff remained symptomatic, as well as notes indicating Plaintiff missed work because of his injuries and was ultimately laid off).

As set forth above, the name of Antonio is pled as "Antonio Car & Truck Modification, **LLC**"; however, Antonio is then alleged to be "a Texas corporation with its principal place of business in the State of Texas."[9]   It is thus unclear whether Antonio is a limited liability company or a corporation.[10]   If Antonio is a corporation, then Progressive's citizenship allegation as to Antonio is sufficient because, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business."  28 U.S.C. § 1332(c).  *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").[11]   However, if Antonio is actually a limited liability company (as its name suggests), then for purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[12]   Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).[13]   Therefore, Progressive must clarify what type of entity Antonio is, *i.e*., a corporation or limited liability

---

[9] R. Doc. 1, ¶ 4 (emphasis added).

[10] Under the Texas Business Organizations Code, the name of a domestic limited liability company or foreign limited liability company doing business in the state must contain the phrase "limited liability company" or "limited company" or an abbreviation of one of those phrases.  The name of a domestic or foreign corporation must contain the word "company," "corporation," incorporated," or "limited," or an abbreviation of one of those words.  §§5.056 and 5.054.

[11] 841 F.2d 1254, 1259 (5th Cir. 1988).

[12] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[13] 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

company. If Antonio is a limited liability company, Progressive must properly identify the citizenship of Antonio's underlying members as described herein.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether complete diversity exists.[14]

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **July 26, 2019**, Defendant Progressive County Mutual Insurance Company shall file a motion to substitute its Notice of Removal[15] with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Progressive's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on July 19, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[15] R. Doc. 1.