**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ZACHARY COUVILLION** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-466-BAJ-EWD** |
| **DARREN BENNETT, ET AL.** | |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 3, 2020.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ZACHARY COUVILLION | CIVIL ACTION |
| VERSUS | NO. 19-466-BAJ-EWD |
| DARREN BENNETT, ET AL. | |

**MAGISTRATE JUDGE'S
RULING AND REPORT AND RECOMMENDATION**

Before the Court are an unopposed Motion for Leave of Court to File Amended Complaint ("Motion for Leave")[1] and a Motion to Remand,[2] both filed by Zachary Couvillion ("Plaintiff"). For the reasons set forth herein, the Motion for Leave is granted.[3] Based on the granting of the Motion for Leave which adds non-diverse defendants, it is recommended[4] that the Motion to Remand be granted and this matter remanded to the 18$^h$ Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**I.    Facts and Procedural Background**

This is a civil action involving claims for damages asserted by Plaintiff based upon the injuries he allegedly sustained on November 29, 2018 in a motor vehicle accident that occurred on U.S. Highway 190 when the vehicle in which Plaintiff was a passenger was rear-ended by the vehicle driven by Defendant Darrin Bennett ("Bennett") and owned by Bennett's employer, Antonio Car & Truck Modification LLC ("Antonio") (the "Accident").[5] On January 28, 2019,

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] A motion for leave to amend is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, although the Fifth Circuit has not ruled on the issue, the weight of authority appears to be that motions for leave to amend are generally considered nondispositive in nature. *See, e.g.*, *Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of Louisiana, Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010)(collecting cases). Accordingly, the undersigned issues a Ruling on the Motion for Leave.
[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).
[5] R. Doc. 1-2, ¶¶ 3-5, 9.

Plaintiff filed his Petition for Damages ("Petition") against Bennett, Antonio, and the insurer of the vehicle Progressive County Mutual Insurance Company ("Progressive")[6] in the 18th Judicial District Court for the Parish of Pointe Coupee. In the Petition, Plaintiff alleges that he suffered personal injuries due to Bennett's negligence in causing the Accident, which necessitated medical treatment.[7] Plaintiff also alleges that Antonio is vicariously liable for Bennett's misconduct because Bennett was in the course and scope of his employment at the time of the Accident and all defendants are jointly liable to Plaintiff.[8]

On July 17, 2019, Progressive removed the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[9] In the Notice of Removal, citizenship was adequately alleged as to Plaintiff, Progressive and Bennett[10] and the amount in controversy appeared to be met.[11] However, citizenship was not adequately alleged with respect to Antonio. Thus, Progressive was ordered to file an amended Notice of Removal that properly pled the citizenship of Antonio. The Amended Notice of Removal established complete diversity of citizenship of the parties.[12]

On March 13, 2020, Plaintiff sought leave to file his first amended and supplemental complaint to name his uninsured/undersinsured ("UM") motorist carrier, Louisiana Farm Bureau Casualty Insurance Company ("LFB") and the UM carrier of the driver[13] of the vehicle in which

---

[6] R. Doc. 1-2, ¶¶ 1, 10.
[7] R. Doc. 1-2, ¶¶ 5-6, 8.
[8] R. Doc. 1-2, ¶¶ 2, 9-10.
[9] R. Doc. 1, ¶ 7.
[10] R. Doc. 1, ¶ 1 (alleging Plaintiff is a citizen of Louisiana), ¶ 2 (alleging Progressive is a foreign insurance company incorporated and having its principal place of business in Ohio), and ¶ 3 (alleging Bennett is a citizen of Texas).
[11] *See* R. Doc. 1-1, p. 1 (Plaintiff's answer to request for admission admitting that his damages exceed $75,000) *and see* R. Doc. 1-1, pp. 5-33 (Plaintiff's medical records, including treatment for neck and low back pain, herniated discs, injections, and a surgery recommendation if Plaintiff remained symptomatic, as well as notes indicating Plaintiff missed work because of his injuries and was ultimately laid off).
[12] R. Docs. 2, 4, 4-1 (alleging Antonio is a limited liability company whose ultimate underlying member is an individual who is a citizen of Texas) and R. Doc. 5.
[13] Plaintiff alleges that "Billy Homan" was the driver of the vehicle in which Plaintiff was passenger. R. Doc. 22-2, ¶ VI.

Plaintiff was a passenger, Geico Casualty Insurance ("Geico");[14] however, Plaintiff's motion was denied because Plaintiff failed to adequately allege the citizenship of these proposed defendants.[15] In the currently-pending Motion for Leave, Plaintiff again seeks leave to amend to name LFB[16] and Geico.[17] Plaintiff, a Louisiana citizen, alleges LFB is a Louisiana citizen and Geico is a Maryland citizen.[18] Thus, in his contemporaneously-filed Motion to Remand, Plaintiff seeks the remand of this matter to the 18th Judicial District Court because, if the Motion for Leave is granted adding LFB as a defendant, complete diversity is destroyed.[19]

## II. Law and Analysis

### A. The Court Will Exercise Its Discretion and Permit the Addition of LFB and Geico

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally...."[20] However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies.[21] Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "the court may deny joinder, or permit joinder and remand the action to the State court." The Fifth Circuit has held that when considering an amendment that would destroy the jurisdiction of a court, "justice requires that the district court consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits."[22] Therefore, when determining whether to allow joinder of a party under § 1447(e), a

---

[14] R. Doc., ¶ 19.
[15] R. Doc. 21.
[16] R. Doc. 22-2, ¶ XV.
[17] R. Doc. 22-2, ¶ XIV.
[18] R. Doc. 22-2, ¶¶ III (alleging LFB has its place of incorporation and principal place of business in Louisiana) and ¶ IV (alleging Geico has its place of incorporation and principal place of business in Maryland).
[19] R. Doc. 23.
[20] *Wells v. Medtronic, Inc.,* 171 F. Supp. 3d 493, 504 (E.D. La. 2016), *citing Robertson v. Plano City of Tex.,* 70 F.3d 21, 22 (5th Cir.1995).
[21] *Wells,* 171 F. Supp. 3d at 504 *citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[22] *Wells,* 171 F. Supp. 3d at 504, *citing Hensgens,* 833 F.2d at 1182.

district court examines the factors set out in *Hensgens v. Deere & Co.*[23] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party."[24]

Plaintiff has alleged LFB and Geico are UM carriers, who are important to Plaintiff's claims because they potentially bear liability pursuant to their respective insurance policies, and thus Plaintiff may be significantly injured if they are not joined.[25] Further, although Plaintiff should have known of the existence of his UM carrier, LFB, who is the non-diverse defendant, before suit was filed,[26] the current defendants do not oppose joinder of these parties,[27] which suggests the amendment will not prejudice them. After weighing the *Hensgens* factors, Plaintiff's Motion for Leave will be granted, adding LFB and Geico as defendants in this matter.

### B. This Matter Should Be Remanded for Lack of Subject Matter Jurisdiction

Remand is proper if at any time the court lacks subject matter jurisdiction.[28] Removal in this case was premised on subject matter jurisdiction pursuant to 28 U.S.C. § 1332,[29] which requires complete diversity between the parties. In the Motion to Remand, Plaintiff avers that complete diversity is destroyed through the addition of LFB as a defendant.[30] The Amended Complaint states that Plaintiff is a domiciliary of Louisiana and LFB is "a domestic insurance company incorporated in the State of Louisiana with its principal place of business located at 9516

---

[23] *Id.*
[24] *Id.*
[25] R. Doc. 22-2, ¶¶ XIV-XV.
[26] Plaintiff has alleged that he learned of the identities of LFB and Geico during post-removal discovery. R. Doc. 23-2, p. 1.
[27] R. Doc. 22, p. 1.
[28] *See* 28 U.S.C. § 1447(c).
[29] R. Doc. 1, ¶ 7.
[30] R. Doc. 23-2, p. 2. Notably, the current defendants raised no objection to the addition of either LFB or Geico.

4

Airline Highway, Baton Rouge, Louisiana 70815."[31] As both Plaintiff and LFB are Louisiana citizens, complete diversity no longer exists under 28 U.S.C. § 1332, and it is recommended the case be remanded to the 18th Judicial District Court for the Parish of Pointe Coupee for lack of subject matter jurisdiction.[32]

Accordingly,

**IT IS ORDERED** that the unopposed Motion for Leave of Court to File Amended Complaint,[33] filed by Plaintiff Zachary Couvillion, is **GRANTED**, adding LFB and Geico as defendants in this matter. The Clerk of Court is directed to file the Amended Complaint[34] into the docket of this matter, which shall become the operative complaint.

Further, **IT IS RECOMMENDED** that the Motion to Remand, filed by Plaintiff Zachary Couvillion, be **GRANTED** and this matter be remanded back to the 18th Judicial District Court for the Parish of Pointe Coupee as complete diversity between the parties no longer exists.

Signed in Baton Rouge, Louisiana on April 3, 2020.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[31] R. Doc. 22-2, introductory paragraph and ¶ III. The Amended Complaint fails to properly plead the citizenship of the other parties; however, the Amended Notice of Removal properly pleads their citizenship. *See* R. Doc. 1, ¶¶ 2-4.

[32] *See* 28 U.S.C.A. § 1447 (e). *See also Jarell v. State Farm Mut. Auto. Ins. Co.,* No. 10-431, 2010 WL 4116994, at *2 (M.D. La. Sept. 8, 2010), *report and recommendation adopted sub nom., Jarrell v. State Farm Mut. Auto. Ins. Co.,* No. 10-431-BAJ, 2010 WL 4135714 (M.D. La. Oct. 19, 2010) ("Under Fifth Circuit precedent, the post-removal joinder of a non-diverse defendant clearly destroys diversity jurisdiction, even if the new defendant is not indispensable. *See, e.g., Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir. 1999). The court in *Cobb* recognized that plain language of 28 U.S.C. § 1447(e) does not allow the district court to permit joinder of a non-diverse defendant but then decline to remand the case to state court. *Cobb,* 186 F.3d at 677.")

[33] R. Doc. 22.

[34] R. Doc. 22-2.